61 F.3d 919
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Espilo E. ECLEVIA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 95-3086.
 United States Court of Appeals, Federal Circuit.
 July 17, 1995.
 
 Before LOURIE, CLEVENGER, and SCHALL, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Espilo E. Eclevia petitions for review of the final decision of the Merit Systems Protection Board, Docket No. SE0831940445-I-1, sustaining the Office of Personnel Management's decision to deny Eclevia a retirement annuity under the Civil Service Retirement Act (CSRA). Because the board did not err in determining that Eclevia's service was excluded from coverage under the CSRA, we affirm.
 
 DISCUSSION
 
 2
 On August 30, 1993, Eclevia applied for retirement benefits under the CSRA based on approximately twenty-nine years of civilian service with the United States Navy. The Navy initially hired him in 1955 as a heavy laborer in the Public Works Department at a Philippine naval base. He resigned from this position in 1959. During those four years, the Navy issued several Notification of Personnel Action forms ("SF-50 forms") that indicated Eclevia was employed as an excepted service employee not subject to the CSRA. Eight years after resigning, Eclevia received a temporary appointment in the excepted service at the Public Works Department. Three months later, the excepted appointment was converted from temporary to indefinite. He continued to work for Public Works under an excepted, indefinite appointment until August 13, 1992, when he retired.
 
 
 3
 The Office of Personnel Management (OPM) denied Eclevia's application for retirement benefits under the CSRA. In particular, OPM denied his claim because he had not been employed by the United States in a position covered by the CSRA for a minimum of one year. See 5 U.S.C. Sec. 8333(b); see also 5 C.F.R. Sec. 831.201(a)(13) (1994) (excluding "indefinite" appointments). Eclevia appealed OPM's decision to the board, which affirmed the denial. The initial decision became final when the board denied Eclevia's petition for review.
 
 
 4
 On appeal, Eclevia does not dispute that his appointments were "indefinite." Rather, Eclevia argues that OPM could not exclude "indefinite" appointments by promulgating 5 C.F.R. Sec. 831.201(a)(13) because the regulation is contrary to 5 U.S.C. Sec. 8347(g), which allows OPM to exclude only "temporary or intermittent" employees.
 
 
 5
 Our review is limited by statute. We may reverse a board decision not to award a retirement annuity under the CSRA only if it was arbitrary, capricious, an abuse of discretion, unlawful, procedurally deficient, or unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Here, the record, including Eclevia's SF-50 forms, provides substantial evidence to support the board's determination that Eclevia did not perform at least one year of covered service. Further, we recently addressed Eclevia's arguments concerning whether OPM may exclude an "indefinite" employee from coverage under the CSRA. In Rosete v. Office of Personnel Management, 48 F.3d 514 (Fed.Cir.1995), we held that 5 C.F.R. Sec. 831.201(a)(13) is a valid regulation which precludes an employee hired as an "indefinite" employee from being covered by the CSRA. Therefore, we affirm OPM's denial of civil service retirement benefits because he did not perform at least one year of covered service as required by the CSRA in 5 U.S.C. Sec. 8333(b).